## KEELAND v. HARPER, et al.

1. The act of 1839, " to abolish imprisonment for debt," does not repeal the act of 1827, so far as the latter requires the plaintiff to " give security for the costs of suit," as a pre-requisite for demanding bail.

2. The signature of the name of a person not a party to the suit written under the attestation of the clerk of the court from which process issues, and not opposite to the seal where the name of the security for costs was intended to be placed, is not such a bond for costs as the statute requires ; and it is not competent to show by extrinsic proof, for the purpose of sustaining a *sci. fa.* on the bail bond, that the person so signing intended to make himself a surety for the costs.

Error to the County Court of Sumter.

THIS was a *scire facias* on a bail bond executed by Daniel E. Harper, as principal, and the defendants in error as his sureties, in a suit prosecuted by the plaintiff in error, against the former. The bond was executed on the 24th April, 1842. Upon the *sci. fa.* being executed upon the bail, they pleaded

among other things *actio non*, because the plaintiff, neither at or before the time of holding Daniel E. Harper to bail, nor since has given security for the costs of the suit against him, according to the statute, &c., and this they are ready to verify, wherefore they pray judgment, &c., if they ought to be charged with the debt by virtue of the supposed writing obligatory in the plaintiff's *sci. fa.* mentioned. To this plea the plaintiff demurred, and his demurrer being overruled, he thereupon replied, that before and at the time of suing out his bail writ, and obtaining the indorsement of an order to hold to bail, he did give security for the costs of said suit against the said defendant in the following manner, to wit: the plaintiff made his affidavit for bail in the words and figures following, (here an affidavit conforming to the act of 1839, is set out *in extenso*,) immediately below the affidavit the clerk wrote and attested an obligation, which is as follows: " I hereby obligate myself as the security for the costs in the above case. In testimony whereof, I hereunto set my hand and seal, the 4th March 1842. ·

[Seal.]

Signed, sealed and delivered before
me,            P. WILLIAMS, Cl'k."

And the plaintiff avers, that Josiah Dabbs, whose name is signed below that of the clerk's attestation to the affidavit above, placed the same there by mistake, and intended to affix his name to the obligation as security for costs; that he was sufficient, was accepted by the clerk as the security for the costs, and did in fact become such, and of this he puts himself upon the country. To this replication the defendants demurred, and their demurrer was sustained. Demurrers being overruled to several other pleas, and sustained to the replications thereafter made, the plaintiffs declined to plead further, and judgment was thereupon rendered for the defendants.

R. H. SMITH, for the plaintiff in error, among other objections taken to the judgment of the county court, contended that the first plea was bad, because the act of 1839 directs merely an affidavit to be made as a pre-requisite to bail; but it is not necessary, to legalize the requisition, that security

for costs should be given. [Clay's Dig. 70, §§ 1, 2.] The act of 1827 which requires such security, is repealed by the statute of 1839. [Id. 72, § 9 ; 5 Ala. Rep. 130 ; 8 Ala. Rep. 288.]

A. GRAHAM, of Greene, and C. E. B. STRODE, for the defendant, insisted that the act of 1839 did not repeal in express terms the statute of 1827, and certainly not by implication ; for they might both operate together. If security for costs was necessary to authorize the order for bail, the want of it was available as a plea. [16 Mass. Rep. 198 ; 13 Pick. Rep. 86 ; 3 Stew. & P. Rep. 220 ; 5 Stew. & P. Rep. 54; 9 Porter's Rep. 136, 208; 8 Ala. Rep. 666.] As to the replication, it merely alledges that it was intended by the plaintiff to give security for costs, and supposed by the clerk that it had been done ; but the facts show that no legal obligation was imposed.

COLLIER, C. J.—The act of 1839, " to abolish imprisonment for debt," provides, that " it shall not be lawful to take the body of any person in custody to answer for a civil demand, except in cases of fraud, as hereinafter prescribed." Further, " If a plaintiff or his agent shall make oath before any person authorized to administer the same, of the amount of the indebtedness of any one to such plaintiff, and that such debtor is about to abscond, or such debtor has fraudulently conveyed, or is about fraudulently conveying, his estate or effects, or such person has money liable to satisfy his debts, which he fraudulently withholds, then, in that case it shall be lawful to arrest the body of such debtor, either by bail process, *capias ad satisfaciendum,* or other process to arrest the body, known to the law," &c. [Clay's Dig. 70, §§ 1, 2.] The act of 1827, enacts, that in "all cases when any plaintiff or plaintiffs may wish to hold any defendant or defendants to bail in civil cases, such plaintiff or plaintiffs shall give security for the costs of suit." [Clay's Dig. 72, § 9.]

In Toulmin v. Bennett & Laidlow, 3 Stew. & P. R. 225, it was held that the bail might show by plea to a *scire facias* that the plaintiff had not given security for costs, which the law requires as a condition upon which bail was to be demanded.

See also, Wood v. Younge, 9 Porter's Rep. 208. The authority and application of these cases is admitted, if the act of 1827 is still in force ; but it is insisted that this statute has been abrogated by the act of 1839. This latter enactment contains no repealing clause, and the question is, whether it is not repealed by implication ? The law it is said, never favors the repeal of a statute by implication, unless the repugnance be quite apparent ; such repeal carrying with it a reflection upon the wisdom of former legislatures, has been confined to the repealing as little as possible of precedent statutes. Hence if two statutes be seemingly repugnant, yet if there be no clause of *non obstante* in the latter, they shall, if possible, be so construed that the latter shall not impliedly repeal the first. *Further*, it is a well settled rule, that where there is such a discrepancy between two statutes, such exposition should be made that they both may stand together, if practicable. [Wyman, et al. v. Campbell, et al. 6 Porter's Rep. 219; see also, Dyer's Rep. 347; 11 Co. Rep. 63; 3 T. Rep. 569; 6 Cow. Rep. 437 ; 1 Gall. R. 150 ; 2 S. & R. Rep. 185 ; 4 G. & Johns. R. 1.]

We think the statutes in question are entirely reconcilable, and that the act of 1839, while it modified the affidavit which which was necessary to be made previous to issuing *bailable process*, did not dispense with security for costs as a prerequisite. We do not know how this conclusion can be more aptly illustrated than by placing the two statutes in juxtaposition, and stating the rule of construction as has been done ; and will not therefore add more on this point.

The counsel for the plaintiff in error was not understood to insist that the plaintiff had given security for costs, in such form as imposed upon the surety a legal obligation ; and we think it altogether certain that the facts stated in the replication do not show a compliance with the statute of 1827. They demonstrate an intention to have given the security, yet in consequence of some oversight or neglect, it was never consummated. The signature of Dabbs immediately below the affidavit by the clerk, even though it was placed there under the circumstances alledged, will not authorize the rendition of a judgment against him as a security for the costs. Could a *court of law*, consistently with the principles

which govern it in the admission of evidence, permit the mistake to be shown, so as to fix a liability upon Dabbs? We think not. This view is decisive of the case before us; and as the act of 1839 is by no means easy of interpretation, but affords much room for conflicting opinion, we will for the present decline the consideration of the other questions in the cause.

We have but to add, that the judgment of the county court is affirmed.